IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARON MICHAEL OLIVER,　　　　　　　No. 2:18-CV-1809-KJM-CMK

　　　　Plaintiff,

　vs.　　　　　　　　　　　　　　　　ORDER

DUANE SHELTON, et al.,

　　　　Defendants.

_____/

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court are plaintiff's complaint (Doc. 1) and plaintiff's request for leave to proceed in forma pauperis (Doc. 2).

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor. Plaintiff's request for leave to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening

1 provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or
2 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
3 from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and
4 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court
5 must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because
6 plaintiff, who is not a prisoner, is being granted leave to proceed in forma pauperis, the court will
7 screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also
8 consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff alleges that defendants, who are parole agents in Butte County or correctional officers at the Butte County Jail, violated his constitutional and statutory rights by denying his adequate access for persons with hearing disabilities, failing to provide medical care, failing to provide replacement eyeglasses, using excessive force, and ignoring his religious dietary requirements. The court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs. If plaintiff desires service of process by the United States Marshal without pre-payment of costs, plaintiff must comply with the requirements outlined below. Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted;

2. The Clerk of the Court shall issue a summons in a civil case, the undersigned's new case documents, and an order setting this matter for an initial scheduling conference;

/ / /

3. The Clerk of the Court shall send plaintiff the summons, three USM-285 forms, and a copy of the complaint;

4. Within 15 days from the date of this order, plaintiff shall complete the summons by indicating the addresses of the named defendants and shall submit to the United States Marshal at the address indicated below the following documents:

    a. The completed summons;

    b. One completed USM-285 form for each named defendant;

    c. Four copies of the complaint; and

    d. Three copies of the court's initial scheduling conference order issued herewith;

5. Within 20 days of the date of this order, plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

6. If plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the defendants at the addresses provided by plaintiff; and

7. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

DATED: July 11, 2018

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE