1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DARON MICHAEL OLIVER,                    No.  2:18-CV-1809-KJM-DMC

12               Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   DUANE SHELTON, et al.,

15               Defendants.

16

17               Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18   court is the unopposed motion to dismiss (Doc. 22) filed by defendants Shelton and Hatley.[1]

19   Defendants argue the complaint must be dismissed because plaintiff failed to include any request

20   for relief as required under Federal Rule of Civil Procedure 8(a)(3).

21               At the outset, the court finds defendants' reliance on Seven Worlds LLC v.

22   Network Solutions, 260 F.3d 1089 (9th Cir. 2001) – the only Ninth Circuit case cited as directly

23   supporting defendants' motion – is misplaced.  In Seven Worlds, the court declined to read into

24   the plaintiff's complaint, which had originally sought only declaratory and injunctive relief, a

25   late-in-the-day damages claim, concluding that doing so would result in prejudice to the

26   defendants.  See id. at 1098.  In that case, the defendants were clearly on notice of some claim for

27   ────────────────────

28   [1]        The remaining defendant – Mel – has filed an answer to the complaint.  See Doc.
     19.

                                                  1

relief, just not a claim for damages. Contrary to defendants' contentions here, the <u>Seven Worlds</u> precedent does not stand for the proposition that failure to include a claim for relief is fatal to plaintiff's complaint. Rather, the court in Seven Worlds held the attempt to add a damages claim for relief late in the day would result in prejudice. Such is not the situation here, and defendants do not argue they will be or have been prejudices in any way by plaintiff's omission of a claim for relief.[2]

Nonetheless, it is clear from plaintiff's complaint he has not included any request for relief of any kind, as required by Rule 8(a)(3). It appears, however, this is the result of an oversight, specifically the failure to include the last page of the form complaint with plaintiff's filing.[3] For the good of the record, the court recommends defendants' motion to dismiss be granted and that plaintiff be directed to file a first amended complaint complete with his request for relief.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2]    In this regard, the court notes that defendant Mel was able to answer the complaint despite the lack of a specific request for relief.
[3]    After defendants filed their motion to dismiss, plaintiff sought to amend the complaint to include the missing page. <u>See</u> Doc. 28 (plaintiff's first amended complaint, stricken by subsequent order because it was filed after a Rule 12(b) had been filed without consent of defendants).

Based on the foregoing, the undersigned recommends that:

      1.      Defendants' unopposed motion to dismiss (Doc. 22) be granted; and

      2.      Plaintiff be directed to file a first amended complaint which contains a request for relief pursuant to Federal Rule of Civil Procedure 8(a)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 11, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE