# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARON MICHAEL OLIVER,<br><br>Plaintiff,<br><br>v.<br><br>DUANE SHELTON, et al.,<br><br>Defendants. | No. 2:18-CV-1809-KJM-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is plaintiff's request for leave to amend. See ECF No. 45.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether

1

there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

This case currently proceeds against defendants Mel, Shelton, and Hatley on plaintiff's second amended complaint filed on June 17, 2019.  See ECF No. 36.  Defendant Mel has filed an answer.  See ECF No. 37.  Defendants Shelton and Hatley have filed a motion to dismiss, which to date is unopposed.  See ECF No. 43.  Because the docket reflects that plaintiff has already filed one amendment as of right, leave of court is required to amend again.  In his current request for leave to amend, plaintiff has only provided the Court with what appears to be a proposed amended complaint but no briefing in support of leave to amend.  Specifically, plaintiff has not made any showing relative to the factors outlined above.  For this reason, plaintiff's request for leave to amend is denied.

Defendants' motion to dismiss will be addressed separately.

IT IS SO ORDERED.

Dated: February 28, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE