IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARON MICHAEL OLIVER,<br><br>Plaintiff,<br><br>v.<br><br>DUANE SHELTON, et al.,<br><br>Defendants. | No. 2:18-CV-1809-KJM-DMC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court in the unopposed motion to dismiss filed by defendants Shelton and Hatley. See ECF No. 43. Defendant Mel has filed an answer in the action and does not join in the motion to dismiss.

**I. PLAINTIFF'S ALLEGATIONS**

This action currently proceeds against defendants Mel, Shelton, and Hatley on plaintiff's second amended complaint filed on June 17, 2019. See ECF No. 36. Relative to the moving defendants, plaintiff alleges that defendant Shelton is a parole agent with the Butte County Division of Adult Parole Operations and that defendant Hatley is a supervisor at the Chico Parole Unit. See id. at 2-3. Both are sued in their official capacities only. See id. Plaintiff claims "Officer Shelton consistently and persistently violated my civil rights and parolee rights along with my rights as a deaf man for effective communication." Id. at 2. He also claims

"[Hatley] failed to provide a certified sign language interpreter and violated my civil rights and denied my fiancée as power of attorney." ECF No. 36, pg. 3.

More specifically, plaintiff alleges:

> June 27, 2017, I was asked to go down there 1370 Ridgewood Dr. STE #14 at 8am (Chico Parole Unit). They did not provide State certified sign language interpreter. I bought [sic] my power of attorney with me and she was denied access to the back with me. I was interrogated and threatened by Duane Shelton and Trevor Hatley (SUPERVISOR). I was then arrested by four parole officers, who cuffed my hand behind my back (didn't know why I was being arrested) and no sign language interpreter was provided upon arrest.
>
> I was informed later by my fiancée, who saw and video recorded my arrest outside, that my parole officer Duane Shelton read my Miranda Rights verbally while I was face down on the ground and hand cuffed behind my back. No written copy was provided and no sign language interpreter was provided so I never knew the Miranda Rights were read to me because I never heard it. After I was taken to Butte County Jail (6/27/2017), I was denied my right to use TDD phone. I had to wait over a week to call my fiancée and then wait 2 days to honor my request to use the TDD phone after 1st time.

Id. at 5-6.

According to plaintiff, defendants' conduct violated his rights under Title II of the Americans with Disabilities Act (ADA). For relief, plaintiff seeks monetary damages, removal of defendants from public service, and expungement of all state debts and criminal records. See id. at 11.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se

2

pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

///

3

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

In their unopposed motion, defendants argue: (1) plaintiff has failed to state a claim against defendants in their official capacities; (2) plaintiff has failed to state a claim for relief under the Title II of the Americans with Disabilities Act (ADA); and (3) plaintiff has failed to state a claim for injunctive relief.

**A.  Official Capacity**

According to defendants Hatley and Shelton:

> Oliver sued Shelton and Hatley in their official capacities for violating Title II of the ADA. (ECF No. 36 at 2-3, 5-6.) However, a plaintiff pursuing defendants in their official capacities must demonstrate that a policy or custom of the governmental entity of which the officials are agents was the moving force behind the violation. *See Hayes v. Voong*, 709 Fed.Appx. 494, 495 (9th Cir. 2018) (affirming dismissal of prisoner's ADA claims against defendants in their official capacities because prisoner's complaint failed to identify a policy or custom of the state that allegedly violated federal law) (*citing Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law.")). In other words, the plaintiff must allege an affirmative causal link between a state policy and the alleged violation of federal law. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Here, Oliver does not allege the existence of a state policy or custom that led to the violation of his rights under Title II of the ADA, and he does not allege any facts showing Shelton and Hatley were acting pursuant to a state policy or custom. (*See generally* ECF No. 36.) Oliver only alleges Shelton and Hatley failed to provide him with a sign language interpreter during his arrest, and failed to provide him with a TDD phone during his incarceration at Butte County Jail. (*Id.* at 5-6.) These allegations are not enough to show that a state policy or custom was the "moving force" behind Shelton or Hatley's actions. The Court should therefore dismiss Oliver's official capacity claims against Shelton and Hatley.

ECF No. 43-1, pg. 4.

///

///

1	State officials sued in their official capacity for damages are not persons for
2	purposes of § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see also
3	Flint v. Dennison, 488 F.3d 836, 839 (9th Cir. 2007).  State officials sued in their official
4	capacities for injunctive relief, however, are.  See Will, 491 U.S. at 71 n.10; see also Hartmann
5	v. Cal. Dep't of Corr. & Rehab, 707 F.3d 1114, 1127 (9th Cir. 2013).  In any event, official-
6	capacity suits filed against state officials are merely an alternative way of pleading an action
7	against the entity of which the defendant is an officer.  See Hafer v. Melo, 502 U.S. 21, 25
8	(1991).  In such suits, the plaintiff must demonstrate that a policy or custom of the governmental
9	entity of which the official is an agent was the moving force behind the alleged violation.  See id.
10	at 25; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985).

11	The Court finds here that the Second Amended Complaint fails to plead facts
12	showing that a custom or policy of the Butte County Division of Adult Parole Operations was a
13	moving force behind the alleged ADA violations.  Throughout the Second Amended Complaint,
14	plaintiff's allegations as to defendants Shelton and Hatley are specific to those defendants'
15	conduct and make no reference to defendants' governmental employer.  The Second Amended
16	Complaint sets forth no facts to link the alleged ADA violations to any governmental custom or
17	policy, and certainly no facts have been set forth to meet plaintiff's burden to show a
18	governmental custom of policy was the moving force behind the alleged violations.

19	Because it is not absolutely clear plaintiff cannot cure this pleading deficiency,
20	plaintiff must be provided leave to amend.  See Lucas, 66 F.3d at 248; Lopez, 203 F.3d at 1126.

21	**B.	ADA**

22	Defendants argue:

23	> Here, Oliver alleges Shelton and Hatley violated his rights under
24	> Title II of the ADA by failing to provide him with a reasonable
25	> accommodation during his interrogation and arrest at the Chico Parole
26	> Unit Office. (ECF No. 36 at 5-6.) Specifically, Oliver complains Shelton
27	> and Hatley failed to provide him with a sign language interpreter, and as a
28	> result he did not know why he was being arrested and did not know
> Shelton verbally read him his *Miranda* rights during his arrest. (*Id.*)
> However, Oliver does not allege any facts showing Shelton and Hatley
> intentionally discriminated against him because of his hearing disability.
> *See Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1021 (9th
> Cir.2010) (a plaintiff may establish he was discriminated against "by

5

> reason of" his disability by establishing his disability was a "motivating factor" in the official's decision to exclude the plaintiff from a service or program), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). There are no allegations showing that Oliver requested a sign language interpreter, that Shelton and Hatley deliberately failed to act in response to Oliver's request for a sign language interpreter, or that Shelton and Hatley otherwise failed to provide some other reasonable accommodation to communicate with him. (*See generally* ECF No. 36; *Duvall*, 260 F.3d at 1139-40.) Because Oliver fails to allege facts showing Shelton and Hatley intentionally discriminated against him because of his hearing disability by not providing him with a sign language interpreter, Oliver has failed to state a claim for damages under Title II of the ADA.

ECF No. 43-1, pgs. 6-7.

Defendants also contend:

> Oliver also alleges that Shelton and Hatley violated his rights under Title II of the ADA by failing to provide him with a TDD phone during his incarceration at Butte County Jail. (ECF No. 36 at 5-6.) However, there are no allegations showing Oliver requested a TDD phone while he was incarcerated in Butte County Jail, or that Shelton and Hatley were aware of any such request. (*See generally* ECF No. 36.) Because Oliver fails to allege facts showing Shelton and Hatley intentionally discriminated against him because of his hearing disability by failing to provide him with a TDD phone at Butte County Jail, Oliver has failed to state a claim for damages under Title II of the ADA.

ECF No. 43-1, pg. 7.

The gravamen of defendants' argument is that plaintiff has failed to state a claim for violation of Title II of the ADA because he never made them aware of the need for an accommodation. The Court finds that Plaintiff's Second Amended Complaint is devoid of any factual allegations concerning when, if ever, he expressed his need for a sign language interpreter or a TDD phone to anyone in general or defendants Shelton and Hatley in particular. Plaintiff alleges "they" – presumably defendants – did not provide him a sign language interpreter. ECF No. 36, pg. 5. Plaintiff does not, however, allege he asked for a sign language interpreter. Similarly, plaintiff claims "no sign language interpreter was provided upon arrest." Id. Again, plaintiff does not allege he asked for a sign language interpreter. Plaintiff claims he was denied his right to use a TDD phone but never alleged he asked to use one. See id. at 5-6. Defendants may not be held liable under Title II of the ADA for discrimination based on disability absent any facts alleged to show defendants were aware of a disability. See 42 U.S.C. § 12132; see also

6

Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on denial of reh'g en banc (Oct. 11, 2001); Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (2998).

   Again, the Court finds it is not absolutely clear plaintiff cannot cure this pleading defect, and plaintiff thus must be provided an opportunity to amend.  See Lucas, 66 F.3d at 248; Lopez, 203 F.3d at 1126.

  **C.**  **Injunctive Relief**

   Finally, defendants Hatley and Shelton argue: (1) plaintiff has no standing to seek injunctive relief; (2) plaintiff's requested injunctive relief is outside the scope of a lawsuit under Title II of the ADA; and (3) plaintiff does not allege any legal grounds for expunging state criminal records.  See ECF No. 43-1, pgs. 7-10.  Plaintiff has not filed any opposition to defendants' motion.  The Court construes plaintiff's failure to oppose as consent to the relief requested with respect to his requests for permanent injunctive relief and will recommend defendants' motion be granted in this regard without leave to amend.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

  1.  Defendants' unopposed motion to dismiss (ECF No. 43) be granted; and

  2.  Plaintiff's requests for permanent injunctive relief are dismissed without leave to amend; and

  3.  Plaintiff's second amended complaint (ECF No. 36) be dismissed with leave to amend as to his ADA claims.

///
///
///
///
///
///
///

1            These findings and recommendations are submitted to the United States District
2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
3    after being served with these findings and recommendations, any party may file written objections
4    with the court.  Responses to objections shall be filed within 14 days after service of objections.
5    Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
6    Ylst, 951 F.2d 1153 (9th Cir. 1991).

8    Dated:  May 6, 2020

             DENNIS M. COTA
             UNITED STATES MAGISTRATE JUDGE