1

2

3

4

5

6

7

8                      **IN THE UNITED STATES DISTRICT COURT**

9                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DARON MICHAEL OLIVER,                    No.  2:18-CV-1809-KJM-DMC

12              Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   DUANE SHELTON, et al.,

15              Defendants.

16

17              Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18   Court is the unopposed motion to dismiss, ECF No. 70, filed by Defendants Shelton and Hatley.

19   Defendant Mel has filed an answer to the operative fourth amended complaint and does not join

20   in the motion to dismiss.

21

22                          **I.  PROCEDURAL HISTORY**

23              The procedural history of this case is somewhat tortured and bears noting.

24   Plaintiff initiated this action with a pro se complaint against Shelton, Hatley, and Mell[1] filed on

25   June 25, 2018.  See ECF No. 1.  On July 12, 2018, the Court granted Plaintiff's motion for leave

26   to proceed in forma pauperis and found the complaint appropriate for service on Defendants

27

28        [1]        Erroneously named as "Mel."

1

Shelton, Hatley, and Mell.  See ECF No. 3.  Defendant Hatley filed a waiver of service on August 16, 2018.  See ECF No. 15.  Defendant Mel filed a waiver of service on September 7, 2018.  See ECF No. 17.  Though the docket did not reflect service of process or waiver thereof on Defendant Shelton at the time, on September 25, 2018, Defendants Shelton and Hatley, through the Attorney General of California, requested an extension of time to file a response to Plaintiff's complaint.  See ECF No. 18.  Defendant Mell, through private counsel, filed an answer to the original complaint on October 2, 2018.  See ECF No. 19.  On the same day, the Court granted Defendants Shelton and Hatley an additional 30 days to respond to the complaint.  See ECF No. 21.

On October 30, 2018, Defendants Shelton and Hatley filed a motion to dismiss the original complaint.  See ECF No. 23.  Plaintiff did not file an opposition and, on January 3, 2019, the Court issued an order submitting the motion to dismiss on the papers without oral argument.  See ECF No. 26.  On February 11, 2019, the Court issued findings and recommendations that the motion to dismiss be granted, that Plaintiff's original complaint be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)(3), and that Plaintiff be directed to file a first amended complaint.  See ECF No. 30.  The findings and recommendations were adopted in full by the District Judge on April 13, 2019, and Plaintiff was directed to file a first amended complaint within 30 days.  See ECF No. 31.

After having been granted an extension of time, Plaintiff timely filed his first amended complaint on June 3, 2019.  See ECF No. 34.  On June 17, 2019, Plaintiff filed a second pleading captioned "First Amended Complaint."  See ECF No. 36.  On June 18, 2019, Defendants Shelton and Hatley filed a motion to dismiss the first amended complaint filed on June 3, 2019.  See ECF No. 38.  Defendant Mell filed his answer to the June 3, 2019, first amended complaint on the same day.  See ECF No. 37.

Prior to the scheduled hearing on the motion to dismiss Plaintiff's June 3, 2019, first amended complaint, Plaintiff filed a pleading captioned "First/Second Amended Complaint" on July 8, 2019.  See ECF No. 40.  On August 8, 2019, the Court issued an order clarifying the status of the pleadings and determining that this action properly proceeds on Plaintiff's amended complaint filed on June 17, 2019.  See ECF No. 41.  The then-pending motion to dismiss and

2

1    Defendant Mell's answer filed on June 18, 2019 – both addressing the June 3, 2019, pleading

2    which was superseded by the June 17, 2019, pleading – were disregarded.  See id.  The Court also

3    found that Plaintiff's July 8, 2019, pleading had been improperly filed.  See id.  Defendants were

4    directed to file a response to Plaintiff's June 17, 2019, pleading within 30 days.  See id.  The

5    operative pleading – Plaintiff's June 17, 2019, filing – is referred to as Plaintiff's second amended

6    complaint.  See id.

7           On August 19, 2019, Plaintiff filed a motion for leave to amend.  See ECF No. 42.

8    On August 28, 2019 – prior to any ruling on Plaintiff's August 19, 2019, motion – Defendants

9    Shelton and Hatley filed a motion to dismiss Plaintiff's second amended complaint.  See ECF No.

10   43.  On August 30, 2019, the Court denied Plaintiff's August 19, 2019, motion for leave to amend

11   and granted Defendant Mell additional time to respond to the operative second amended

12   complaint.  See ECF No. 44.

13          On September 9, 2019, Plaintiff again moved for leave to amend.  See ECF No.

14   45.  On September 27, 2019 -- prior to a ruling on the renewed motion for leave to amend –

15   Defendant Mell filed an answer to the second amended complaint.  See ECF No. 46.  On

16   November 11, 2019, the Court vacated the hearing scheduled on the motion to dismiss the second

17   amended complaint and took the matter under submitted without oral argument.  See ECF No. 47.

18          On December 24, 2019 – again prior to any ruling on the then-pending motions to

19   dismiss and amend – Plaintiff filed an appeal from Court's November 11, 2019, order taking the

20   matter under submission.  See ECF No. 48.  The Ninth Circuit Court of Appeals dismissed the

21   appeal for lack of jurisdiction on January 28, 2020.  See ECF No. 52.  The appellate court's

22   mandate was docketed in this Court on February 19, 2020.  See ECF No. 53.

23          On May 7, 2020, the Court issued an order denying Plaintiff's September 9, 2019,

24   motion for leave to amend.  See ECF No. 55.  On the same day, the Court issued findings and

25   recommendations that the motion to dismiss the second amended complaint filed by Defendants

26   Shelton and Hatley be granted and that Plaintiff be granted an opportunity to file a third amended

27   complaint.  See ECF No. 56.  The District Judge adopted the findings and recommendations in

28   full on January 21, 2021, and directed Plaintiff to file a third amended complaint within 30 days.

3

1    <u>See</u> ECF No. 58.

2              On February 1, 2021, Plaintiff filed his third amended complaint naming "David

3    Melborue" as the sole defendant.  <u>See</u> ECF No. 59.  On February 16, 2021, Defendant Mell filed

4    an answer to the third amended complaint, acknowledging that he was erroneously named as

5    "David Melboru."  <u>See</u> ECF No. 60.  On February 19, 2021, Defendants Shelton and Hatley filed

6    a motion to be dismissed from the action because Plaintiff no longer named them in the now-

7    operative third amended complaint filed on February 1, 2021.  <u>See</u> ECF No. 61.  On February 24,

8    2021, the Court directed the parties to meet and confer and submit a joint statement for purposes

9    of scheduling.  <u>See</u> ECF No. 62.  On February 26, 2021, the Court issued an order directing the

10   Clerk of the Court to terminate Shelton and Hatley as defendants to this action because they were

11   not named in the third amended complaint.  <u>See</u> ECF No. 63.  The Court also denied as

12   unnecessary the then-pending motion to dismiss filed by Defendants Shelton and Hatley.  <u>See id.</u>

13             Defendant Mell submitted a separate scheduling report on March 26, 2021.  <u>See</u>

14   ECF No. 64.  On March 29, 2021, Plaintiff sought a 60-day extension of time to submit his

15   portion of the required scheduling report.  <u>See</u> ECF No. 65.  On April 15, 2021, the Court granted

16   Plaintiff's motion for an extension of time in part and directed Plaintiff to submit his portion of

17   the scheduling report within 30 days.  <u>See</u> ECF No. 66.

18             Rather than filing his scheduling report, Plaintiff filed another motion for leave to

19   amend on April 30, 2021.  <u>See</u> ECF No. 67.  In his motion, Plaintiff stated that he inadvertently

20   failed to name Shelton and Hatley in the third amended complaint and sought further leave to

21   amend to correct the error.  <u>See id.</u>  No opposition to Plaintiff's motion was filed and, on August

22   25, 2021, the Court granted Plaintiff leave to file a fourth amended complaint within 30 days.

23   <u>See</u> ECF No. 68.  Plaintiff timely filed a fourth amended complaint against all defendants on

24   September 24, 2021.  <u>See</u> ECF No. 69.  Defendants Shelton and Hatley timely filed the now-

25   pending motion to dismiss Plaintiff's fourth amended complaint on October 1, 2021.  <u>See</u> ECF

26   No. 70.  Defendant Mell filed his answer to the fourth amended complaint on October 12, 2021.

27   <u>See</u> ECF No. 71.  After Plaintiff again failed to file any opposition to the motion to dismiss, the

28   Court took the matter under submission without oral argument on October 28, 2021.  <u>See</u> ECF

1    No. 72.  To date, Plaintiff has not filed any scheduling report.

2

3                              **II.  PLAINTIFF'S ALLEGATIONS**

4              This action currently proceeds against defendants Mell[2], Shelton, and Hatley on

5    Plaintiff's fourth amended complaint.  See ECF No. 69.  Relative to the moving defendants,

6    Plaintiff alleges that Defendant Shelton is a Parole Agent in Butte County, California, and that

7    Defendant Hatley is a Supervisor of the Chico Parole Unit, also in Butte County, California.  See

8    id. at 2-3.  Plaintiff alleges three claims for relief: (1) Count 1 for violation of the Americans with

9    Disabilities Act; (2) Count 2 for denial of medical care; and (3) Count 3 for denial of Kosher

10   meals.  See id. at 5, 6, 9.  In Count 1, Plaintiff asserts claims against Defendants Shelton and

11   Hatley.  In Count 2, Plaintiff asserts a claim against Defendant Mell.  No defendants are

12   mentioned in Count 3.  Plaintiff's allegations on Count 2 and Count 3 are, therefore, not relevant

13   to the pending motion filed by Defendants Shelton and Hatley.

14              Regarding Count 1, Plaintiff alleges the following supporting facts:

15              June 27, 2017, I was asked to go down there 1370 Ridgewood Dr.
          STE #14 at 8am (Chico Parole Unit).  They did not provide State Certified
16        Sign language interpreter.  I brought my power of attorney with me and
          she was denied access to the back with me.  I was interrogated and
17        threatened by Duane Shelton and Trevor Hatley (SUPERVISOR).  I was
          then arrested by four parole officers who cuffed my hands behind my back
18        (didn't know why I was being arrested) no sign language interpreter was
          provide upon arrest.  I was informed later by my fiancé, who way and
19        video recorded my arrest outside, that my parole officer Duane Shelton
          read my Miranda Rights verbally while I was face down on the ground
20        and hands cuffed back.
              No written copy was provided and no sign language interpreter
21        was provided so I never knew the Miranda Rights were ever read to me
          because I never heard it.  After I was taken to Butte County Jail
22        (6/27/2017), I was denied my right to use TDD phone.  I had to wait over
          a week to call my fiancé and then waited 2 days to honor my request to
23        sue the TDD phone after 1st time.

24              Id. at 5-6.

25   / / /

26   / / /

27

28              2       Plaintiff now names this defendant as "David Melboure."

5

As with Plaintiff's original complaint, the fourth amended complaint contains no request for relief as required by Federal Rule of Civil Procedure 8(a)(3).  <u>See generally</u> ECF No. 69.

## III.  DISCUSSION

In their unopposed motion to dismiss Plaintiff's fourth amended complaint, Defendants Shelton and Hatley argue: (1) the fourth amended complaint violated Rule 8(a)(3) because it does not contain a demand for relief; and (2) Plaintiff's ADA claims fail.  The Court notes that these defects were the subject of the prior motions to dismiss the first and second amended complaints, both of which were granted for the reasons argued.

Under Eastern District of California Local Rule 230(c) (effective February 1, 2019), the failure to file a timely opposition to a motion may be construed as non-opposition to the relief requested.  Given the procedural history of this case, the Court exercises its discretion under the local rules to construe Plaintiff's failure to file any opposition whatsoever to the pending motion to dismiss as non-opposition to the motion.  In doing so, the Court notes two compelling factors.  First, Plaintiff has consistently failed to oppose any of the various motions to dismiss filed in this case, upon which the Court has expended considerable time.  Second, the defects Defendants Shelton and Hatley current argue are the same defects from which the original complaint suffered.  These defects were the basis of the District Judge's prior orders that the original complaint and first amended complaint both be dismissed.  To re-address those issues again here, in light of allegations in the fourth amended complaint which are substantially unchanged from previous amendments, would be a waste of judicial resources.

Defendants Shelton and Hatley, who have been brought in and out of the action over the years, should finally be dismissed with prejudice.  Though the Rule 8(c)(3) defect in the fourth amended complaint would also apply to Plaintiff's claims against Defendant Mell, Defendant Mell has answered and appears eager to defend on the merits of Count 2.  The Court thus recommends dismissal of the fourth amended complaint with leave to amend to include a demand for relief.  The action should proceed on amendment as against Defendant Mell only.

# IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Plaintiff's failure to file an opposition to the pending motion to dismiss be construed as non-opposition to the relief requested;

2.      The motion to dismiss filed by Defendants Shelton and Hatley, ECF No. 70, be granted;

3.      Shelton and Hatley be dismissed with prejudice as defendants to this action;

4.      The action proceed against Defendant Mell only;

5.      The fourth amended complaint, ECF No. 69, be dismissed with leave to amend;  and

6.      Plaintiff be directed to file a fifth amended complaint against Defendant Mell only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  January 4, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7