1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DARON MICHAEL OLIVER,                    No.  2:18-CV-1809-DJC-DMC

12              Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14    MEL,

15              Defendant.

16

17         Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

18    U.S.C. § 1983.  Pending before the Court is Defendant's[1] motion for summary judgment.  See

19    ECF No. 95.  Plaintiff filed a late opposition.  See ECF No. 98.  Defendant filed a reply.  See ECF

20    No. 99.  Because Plaintiff did not timely file an opposition, the matter was submitted on the

21    papers without oral argument.

22         The Federal Rules of Civil Procedure provide for summary judgment or summary

23    adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file,

24    together with affidavits, if any, show that there is no genuine issue as to any material fact and that

25    the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The

26    standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P.

27    _____

         [1]    The correct spelling of Defendant's last name is "Mell."  Plaintiff erroneously

28    named Defendant as "Mel" in the original complaint, as reflected in the caption, and erroneously
      named Defendant as "Melbourne" and "Melborue" in the operative sixth amended complaint.

                                        1

56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
>
> Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

/ / /

2

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

## I. PLAINTIFF'S ALLEGATIONS

This case proceeds on Plaintiff's unverified sixth amended complaint, erroneously labeled as a fifth amended complaint. See ECF No. 76. Defendant is sued in his official capacity. See id. at 1. Plaintiff claims that Defendant, who is alleged to have been the supervisor of the "floor officers" at the Butte County Jail in July 2017, failed to provide Plaintiff with medical care following a beating by jail guards. See id. Plaintiff also claims that he was denied Kosher meals. See id.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

1
## II. THE PARTIES' EVIDENCE

2
    A.    **Defendant's Evidence**

3
        Defendant's motion for summary judgment is supported by a memorandum of

4
points and authorities, <u>see</u> ECF No. 95-1, a separate statement of undisputed facts, <u>see</u> ECF No,

5
95-2, and Exhibits A through N, <u>see</u> ECF Nos. 95-3 to 95-5.  Defendant's exhibits consist of the

6
following:

7
        Exhibit A      Transcript of Plaintiff's deposition.  <u>See</u> ECF No. 95-3,
8
                         pgs. 5–45.

        Exhibit B      Transcript of deposition of Mark Wright.  <u>See</u> ECF No.
9
                         95-3, pgs. 46–60.

10
        Exhibit C      Declaration of Lt. Jarrod Agurkis.  <u>See</u> ECF No. 95-4,
11
                         pgs. 1–6.

        Exhibit D      Declaration of Defendant Mell.  <u>See</u> ECF No. 95-4, pgs.
12
                         7–10.

13
        Exhibit E      July 7, 2017, surveillance video.  <u>See</u> ECF No. 95-4, pg. 11.

14
        Exhibit F      Plaintiff's responses to Defendant's Interrogatories, Set One.
15
                         <u>See</u> ECF No. 95-4, pgs. 12–15.

        Exhibit G      Defendant Mell's work shift schedule.  <u>See</u> ECF No. 95-4,
16
                         pgs. 16–17.

17
        Exhibit H      Butte County Jail Team 3 work shift schedule.  <u>See</u> ECF No.
18
                         95-4, pgs. 18–19.

19
        Exhibit I       Google map data tracking for July 7, 2017.  <u>See</u> ECF No.
                         95-4, pgs. 20–22.

20
        Exhibit J       Plaintiff's medical records from Butte County Jail.  <u>See</u> ECF
21
                         No. 95-4, pgs. 23–31.

22
        Exhibit K      Butte County Jail Inmate Handbook.  <u>See</u> ECF No. 95-5,
                         pgs. 32–81.

23
        Exhibit L       Plaintiff's housing assignment.  <u>See</u> ECF No. 95-4, pgs. 1–3.

24
        Exhibit M     Plaintiff's inmate file.  <u>See</u> ECF No. 95-5, pgs. 4–63.

25
        Exhibit N      Plaintiff's medical records from the California Department
                         of Corrections and Rehabilitation (CDCR).  <u>See</u> ECF No. 95-5,
26
                         pgs. 64–66.

27
/ / /

28
/ / /

4

According to Defendant, and as set forth in the separate statement of undisputed facts, the following facts are undisputed:

1.    At around 3:20 p.m., on July 7, 2017, Plaintiff and his cellmate Mark Wright got into a fight. Ex. A: Plaintiff's Deposition 32:5-33:12; Ex. B: Deposition of Mark Wright 30:25-34:25.

2.    Deputies took Plaintiff to the medical care unit for medical evaluation. Ex. A: Plaintiff's Deposition 37:11-14, 38:19-39:6, 39:21-24.

3.    After the fight, Plaintiff was moved to a segregation unit and placed on medical observations. Ex. A: Plaintiff's Deposition 37:11-14, 38:19-39:6, 39:21-24.

4.    Sgt. Mell worked on July 6, 2017, the day before the fight. Ex. C: Lt. Agurkis Declaration ¶ 10-13; Ex. D: Sgt. Mell Declaration ¶ 4-7.

5.    Sgt. Mell did not work and was not present at the Jail on July 7 (the day of the fight) or July 8, 2017. Ex. C: Lt. Agurkis Declaration ¶ 10-13; Ex. D: Sgt. Mell Declaration ¶ 4-7; Ex. F: Sgt. David Mell Work Shift Schedule; Ex. G: Butte County Jail Team 3 Work Shift Schedule; Ex. I: Sgt. Mell Google Map Data Tracking for July 7, 2017, pages 1-2.

6.    Sgt. Mell returned to work on July 9, 2017. Ex. C: Lt. Agurkis Declaration ¶ 10-13; Ex. D: Sgt. Mell Declaration ¶ 4-7; Ex. F: Sgt. David Mell Work Shift Schedule; Ex. G: Butte County Jail Team 3 Work Shift Schedule.

7.    On July 7, 2017, at 5:36:58 p.m., following the fight with his cellmate, Plaintiff was transferred to a new housing pod and placed under medical supervision for neurological checks. On July 7, 2017, at 5:36:58 pm, Plaintiff admits he was first examined by medical staff. Ex. A: Plaintiff's Deposition 37:11-14, 78:17-79:5; Ex. J: Medical Records.

8.    On July 8, 2017, at 9:40 p.m., Plaintiff admits he denied a follow up neuro check by medical staff. Ex. A: Plaintiff's Deposition 81:14-82:4; Ex. J: Medical Records.

9.    On July 9, 2017, at 2:32:37 p.m., Plaintiff admits he received neuro check. Ex. A: Plaintiff's Deposition 81:14-82:4, Ex. J: Medical Records.

10.    Plaintiff admits he did not speak with Sgt. Mell following the fight. Ex. A: Plaintiff's Deposition 39:7-10.

11.    Plaintiff admits he did not request medical attention from Sgt. Mell. Ex. A: Plaintiff's Deposition 90:15-17.

12.    Plaintiff admits his lunch meal was Kosher. Ex. A: Plaintiff's Deposition 44:7-17.

/ / /

13.     Plaintiff did not tell anybody his perception that he was not receiving Kosher meals.  Ex. A: Plaintiff's Deposition 46:12-16.

14.     Plaintiff did not have any conversations with Sgt. Mell about Kosher meals.  Ex. A: Plaintiff's Deposition 47:3-4, 48:18-49:4.

15.     Sgt. Mell never served Plaintiff any meals.  Ex. A: Plaintiff's Deposition 92:8-9.

16.     Plaintiff did not submit any inmate grievances regarding the lack of Kosher meals.  Ex. C: Lt. Agurkis Declaration ¶ 16.

17.     Official timecard records from July 7, 2017, show Sgt. Mell was not scheduled to work.  Ex. C: Lt. Agurkis Declaration ¶ 10-13; Ex. D: Sgt. Mell Declaration ¶ 4-6; Ex. F: Sgt. David Mell Work Shift Schedule; Ex. G: Butte County Jail Team 3 Work Shift Schedule.

18     Sgt. Mell's cellphone GPS data tracking shows he was not at the Butte County Jail on July 7, 2017.  Ex. D: Sgt. Mell Declaration ¶ 7; Ex. I: Sgt. Mell Google Map Data Tracking for July 7, 2017.

19.     Sgt. Mell is a correctional officer at the Butte County Jail and is not a licensed medical worker at the Jail.  Ex. D: Sgt. Mell Declaration ¶ 2.

**B.     Plaintiff's Opposition**

Plaintiff has filed a one-page opposition to Defendant's motion, albeit late.  See ECF No. 98.  Though late, the Court will nonetheless consider Plaintiff's filing.  Plaintiff has not submitted a separate statement of disputed facts or otherwise responded to Defendant's evidence. Plaintiff has not provided the Court with any evidence of his own.  Plaintiff's opposition is not verified.  The Court, therefore, considers Defendant's facts as undisputed.  See Beard v. Banks, 548 U.S. 521, 527 (2006) ("[B]y failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [plaintiff] is deemed to have admitted the validity of the facts contained in the [defendant's] statement"); see also Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Brito v. Barr, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020).

/ / /

/ / /

/ / /

/ / /

/ / /

6

### III. DISCUSSION

In his motion for summary judgment, Defendant first argues that Plaintiff cannot maintain a civil rights action against Defendant in his official capacity. See ECF No. 95-1. Defendant next argues that, even if Plaintiff had sued Defendant in his individual capacity, the undisputed evidence shows that Defendant is entitled to judgment in his favor as a matter of law on the merits of Plaintiff's substantive claims. See id.

### A.    **Capacity**

Government officials sued in their official capacities for damages are not persons for purposes of liability under § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Cornel v. Hawaii, 37 F.4th 527, 531 (9th Cir. 2022). Official-capacity suits against government officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. See Hafer, 502 U.S. at 25. In an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the government entity employing the defendant was the moving force behind the alleged constitutional violations. See id.

Here, Plaintiff's sixth amended complaint names Defendant in his official capacity. The Court agrees with Defendant that Plaintiff's action for damages cannot proceed against him in his official capacity. The Court also agrees that Plaintiff has not set forth any facts regarding a custom or policy of Defendant's employer, Butte County, which was the moving force behind the violations alleged to have been committed by Defendant. This alone is a sufficient basis for granting summary judgment in Defendant's favor.

### B.    **Merits**

Plaintiff alleges that that Defendant failed to provide him medical care after an assault in July 2017. Plaintiff also claims that Defendant failed to provide him Kosher meals. Defendant argues that, even assuming Plaintiff had sued him in his individual capacity, Plaintiff cannot prevail on the merits of these claims because Defendant was not present on the day of the assault in July 2017 and because Defendant had no involvement with Plaintiff's request for a Kosher diet. See ECF No. 95-1. The Court agrees.

1        The undisputed evidence reflects that Defendant was not at the Butte County Jail

2  on the day Plaintiff was assaulted – July 7, 2017 – or the day after.  Work records reflect that

3  Defendant worked at the jail on July 6, but not on July 7 or July 8.  At his deposition, Plaintiff

4  conceded that he never asked Defendant for any medical care following the assault.  Because

5  there is no evidence that Defendant personally participated in either providing or denying medical

6  care to Plaintiff following the assault, Plaintiff cannot prevail.  See Jones v. Williams, 297 F.3d

7  930, 934 (9th Cir. 2002).

8        Similarly, as to Plaintiff's claim regarding Kosher meals, the undisputed evidence

9  shows that Defendant had no involvement in Plaintiff's request for such meals.  At his deposition,

10  Plaintiff admitted that he never had any conversations with Defendant regarding Kosher meals.

11  Again, because Defendant had no involvement with either providing or denying Plaintiff Kosher

12  meals, Plaintiff cannot prevail.  See id.

13

14                **IV.  CONCLUSION**

15        Based on the foregoing, the undersigned recommends that Defendant's motion for

16  summary judgment, ECF No. 95, be GRANTED.

17        These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

19  after being served with these findings and recommendations, any party may file written objections

20  with the court.  Responses to objections shall be filed within 14 days after service of objections.

21  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

22  Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24  Dated:  July 22, 2024

25                          DENNIS M. COTA

26                          UNITED STATES MAGISTRATE JUDGE

27

28